UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

## AFFIDAVIT OF COMPLAINT IN REMOVAL PROCEEDINGS

**09 CR 629**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | No. |
| JAVIER GONZALEZ-LOZA | ) | Hon. Morton Denlow |

The undersigned Affiant personally appeared before <u>MORTON DENLOW</u>, a United States Magistrate Judge, and being duly sworn on oath, states: That at <u>EASTERN DISTRICT OF MICHIGAN</u>, one JAVIER GONZALEZ-LOZA was charged in a Complaint with violating Section <u>846</u> of the United States Code, Title <u>21</u>, for the offense of <u>KNOWINGLY CONSPIRING TO POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE</u>, and that on the basis of Affiant's investigation and information received concerning the case through official channels, does hereby certify that a Warrant for Arrest is outstanding for the arrest of said defendant. Both the Warrant for Arrest and Complaint are attached hereto.

Wherefore, Affiant prays that the defendant be dealt with according to law.

BRUCE COLIN DICKEY
Special Agent
U.S. Department of Justice,
Drug Enforcement Administration

Subscribed and Sworn to before me this
__22nd__ day of ____July____, 2009.

MORTON DENLOW
United States Magistrate Judge

J. GREGORY DEIS
Assistant U.S. Attorney

FILED
7-22-09
JUL 22 2009 TC

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1

AO 442 (Rev. 01/09) Arrest Warrant

AUSA Wayne F. Pratt
Special Agent Jeffrey Moore, DEA

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
JAVIER GONZALEZ-LOZA

Case No. 09-MJ-30314

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Javier Gonzalez-Loza,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

knowingly, intentionally and unlawfully combined, conspire, confederate and agree with another individual to commit, an offense against the United States, that is, to Possess with Intent to Distribute Cocaine, a Schedule II Controlled Substance

JUL 2 1 2009

R. STEVEN WHALEN

Date: _____

*Issuing officer's signature*

City and state: _____

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____   *Arresting officer's signature* |
| *Printed name and title* |

*Distribution: Original Court – 1copy U.S. Marshal – 2 copies USA*

AO 91 (Rev. 5/85) Criminal Complaint · Wayne F. Pratt, AUSA 313-226-9600 // SA Jeffrey Moore, DEA 313-234-4298

# United States District Court

**EASTERN** DISTRICT OF **MICHIGAN**

UNITED STATES OF AMERICA

V.

JAVIER GONZALEZ-LOZA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case: 2:09-mj-30314
Judge: Unassigned,
Filed: 07-17-2009 At 12:24 PM
JAVIER GONZALES-LOZA (LCB)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __June 9, 2009__ in __Wayne__ county, in the Eastern District of Michigan defendant(s) did, (Track Statutory Language of Offense)

knowingly, intentionally and unlawfully combined, conspire, confederate and agree with another individual to commit, an offense against the United States, that is, to Possess with Intent to Distribute approximately 10 Kilograms of Cocaine, a Schedule II Controlled Substance

in violation of Title 21 United States Code, Section(s) 841(a)(1), 846
I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

(SEE ATTACHED AFFIDAVIT)

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Special Agent Jeffrey Moore, DEA

Sworn to before me and subscribed in my presence,

__July 17, 2009__ at __Detroit, Michigan__
Date                                City and State

Mona K. Majzoub
United States Magistrate Judge                  MONA K. MAJZOUB
Name & Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT

Affiant, Special Agent Jeffrey Moore, being duly sworn, deposes and states the following:

1. Affiant is a Special Agent (SA) of the Drug Enforcement Administration (DEA) and has been so employed for approximately five years and is a law enforcement officer empowered to conduct investigations and make arrests for violations of Title 21, United States Code.

2. I make this affidavit with either personal knowledge based upon my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all facts or all details of which I am aware relating to this investigation.

3. In June of 2008, DEA Detroit agents with Enforcement Group 4 began investigating the drug trafficking activities of Francisco Javier HERNANDEZ, a Hispanic male with known address in Detroit, Michigan.

4. On May 13, 2009, United States District Judge Gerald Rosen in the Eastern District of Michigan signed a court order authorizing interception of non-consensual phone calls over Sprint-Nextel cell phone, (313)332-5XXX, hereinafter referred to as the Target Telephone 2, used by HERNANDEZ. Agents began intercepting phone calls on May 14, 2009.

5. Affiant and agents intercepted phone calls between HERNANDEZ and criminal associates over Target Telephone 2 regarding the distribution of kilogram quantities of cocaine and the distribution of drug proceeds.

6. On June 3, 2009, agents intercepted a phone call between Rosa Lilia OROZCO and HERNANDEZ over Target Telephone 2 in which HERNANDEZ told OROZCO that he was traveling to meet an associate. The call which was coded inferred that HERNANDEZ indicated to OROZCO that he was travelling to meet with a drug source. Affiant had previously obtained a search warrant on May 13, 2009 authorized by United States Magistrate Judge, Virginia Morgan to obtain global positioning satellite (GPS) coordinates of Target Telephone 2. Affiant obtained coordinate locations of Target Telephone 2 on June 3, 2009 that indicated HERNANDEZ traveled west from Detroit, Michigan towards Chicago, Illinois on Interstate 94. The GPS coordinates corroborated the call between HERNANDEZ and OROZCO.

7. Affiant contacted DEA Chicago Special Agent Bruce Dickey and indicated HERNANDEZ was en route to Chicago, Illinois to meet with a criminal associate.

On June 3, 2009 at approximately 12:40 pm, members of DEA Chicago Enforcement Group 32 located HERNANDEZ and Eduardo CAMPOS-CONTRERAS parked near 5423 South Avers Avenue in Chicago, Illinois in a green 1996 Volkswagen Passat with a Michigan license plate BZP**** (Registered to Eduardo CAMPOS-CONTRERAS at 31XX Livernois Avenue, Detroit, Michigan). Chicago agents maintained surveillance of HERNANDEZ and CAMPOS-CONTRERAS for several hours. At 12:42 pm, HERNANDEZ and CAMPOS-CONTRERAS left the area. At 3:58 pm, Chicago agents observed HERNANDEZ and CAMPOS-CONTRERAS return to and park in front of 5423 South Avers Avenue.

8. At approximately 4:30 p.m., SA Dickey observed an unidentified male wearing blue jeans, a grey jacket and a tan hat, exit a gold Toyota Highlander, bearing Illinois registration A33****, registered to Yesenia RAMIREZ at XXXX South Keeler Avenue, Chicago, Illinois. SA Dickey observed the unidentified male walk across Avers Avenue to the south side of 5423 South Avers Avenue, eventually out of sight. At approximately 4:35 p.m., Task Force Officer (TFO) Rodolfo Avalos observed HERNANDEZ, CAMPOS-CONTRERAS and the unidentified male walk from the south side of 5423 South Avers Avenue. TFO Avalos further observed HERNANDEZ, CAMPOS-CONTRERAS and the unknown male engaged in conversation between the sidewalk and the green Volkswagen Passat on the east side of Avers Avenue. At approximately 4:52 p.m., SA Dickey observed HERNANDEZ, CAMPOS-CONTRERAS and the unknown male relocate to the west side of Avers Avenue in the area of the gold Toyota Highlander. After a few minutes of conversation between the parties, SA Dickey observed the unknown male enter the gold Toyota Highlander. SA Dickey further observed HERNANDEZ appear to be writing something down on a piece of paper and SA Dickey further observed the unknown male retrieve a phone from his pocket. Chicago agents were able to take pictures of HERNANDEZ, CAMPOS-CONTRERAS and the unknown male meeting on Avers Street. SA Dickey indicated it appeared that HERNANDEZ and the unknown male were possibly exchanging phone numbers. At approximately 4:59 p.m., SA Dickey observed HERNANDEZ and CAMPOS-CONTRERAS enter the green Volkswagen Passat. SA Dickey further observed the unknown male enter the gold Toyota Highlander. Both vehicles were observed leaving the area.

9. In June of 2009, HERNANDEZ discussed the arrival of a cocaine shipment with co-conspirators over Target Telephone 2 in coded phone calls. In the calls, HERNANDEZ gave a time frame of arrival of the cocaine on June 8 or June 9 of 2009 and indicated the drugs were coming from a location "far" away (Chicago). After intercepting the phone calls, agents conducted surveillance along Interstate 94 (eastbound traffic) between Chicago, Illinois and Detroit, Michigan. Agents were aware that Chicago, Illinois is the source city for HERNANDEZ'S drugs and was the location referenced in the call as the location "far" away. Agents had previously conducted surveillance of HERNANDEZ and Eduardo CAMPOS-CONTRERAS meeting with a criminal associate in Chicago, Illinois on June 3,

2009 as mentioned above. Intercepted calls regarding this trip as mentioned above were indicative of HERNANDEZ and CAMPOS-CONTRERAS arranging for the distribution of cocaine to Detroit, Michigan in the near future.

10. Agents were aware that the drug courier for HERNANDEZ'S organization was CAMPOS-CONTRERAS. Agents previously identified the vehicle suspected of being used by CAMPOS-CONTRERAS to transport drugs on behalf of HERNANDEZ, the green 1996 Volkswagen Passat with Michigan license plate, BZP5***. Agents observed the green Volkswagen Passat on June 8, 2009 at the residence of HERNANDEZ. Affiant directed assisting agents and Michigan State Police (MSP) Troopers to establish surveillance along Interstate 94 during time frames HERNANDEZ indicated the drugs would be traveling to Detroit.

11. On June 9, 2009 at approximately 7:47 pm, CAMPOS-CONTRERAS was observed traveling alone in the mentioned green 1996 Volkswagen Passat east on Interstate 94 near mile marker #1 by SA Don Grace. MSP Troopers were notified of the location of CAMPOS-CONTRERAS. MSP Trooper Diggs observed CAMPOS-CONTRERAS conducting a moving violation of traveling too close to a vehicle at a high rate of speed and subsequently conducted a traffic stop on CAMPOS-CONTRERAS near mile marker 2, Berrien County, New Buffalo Township at approximately 7:49 pm.

12. Trooper Diggs contacted CAMPOS-CONTRERAS during the traffic stop. Trooper Diggs initially observed that CAMPOS-CONTRERAS was unusually nervous and gave conflicting information regarding his purpose of travel. CAMPOS-CONTRERAS indicated he had stayed in Chicago for several days but could not answer questions as to why he didn't have any luggage inside his vehicle. CAMPOS-CONTRERAS gave consent to Trooper Diggs to search his vehicle. For the safety of CAMPOS-CONTRERAS and the MSP Troopers, CAMPOS-CONTRERAS and the vehicle were taken to a weigh station nearby. MSP Troopers' Diggs, Shears and Gillespie located a concealed compartment behind the rear bumper of CAMPOS-CONTRERAS' vehicle. Inside the hidden compartment were 10 rectangular objects. Each rectangular object was wrapped in black tape. Trooper Diggs and affiant immediately recognized the rectangular objects as contraband, similar in appearance to kilograms of cocaine observed by affiant in unrelated drug investigations. Trooper Gillespie, as witnessed by affiant, opened the outer layer of tape on one of the rectangular objects and observed a white powder substance underneath. Trooper Gillespie, as witnessed by affiant, field tested the white powder using a Reagent test kit which tested positive for the presence of cocaine. CAMPOS-CONTRERAS was placed under arrest at this time.

13. After the seizure, HERNANDEZ temporarily discontinued the use of Target Telephone 2. After a couple of days had passed, agents noticed a number of

incoming and unanswered phone calls from a Chicago cell phone number, 708-513-XXXX (Subscribed to: GOLEAD MARTINES125, PO Box 54966, Irvine, CA). The phone was a pre-paid Sprint-Nextel Boost phone that doesn't require accurate subscriber information to activate and use. From June 11, 2009 to June 17, 2009 there were 32 incoming calls from the Chicago cell phone to HERNANDEZ'S cell phone (all of which were unanswered). On June 12, 2009 the user of the Chicago cell phone, who identified himself as "GUERRO" left a message on HERNANDEZ'S voice mail as follows; "what are you doing HERRERO...HERRERO (Blacksmith). As soon you get a chance call me back. I'm GUERRO, you came to visit me."

14. Affiant and agents concluded after the arrest of CAMPOS-CONTRERAS, HERNANDEZ cut off communication with co-conspirators involved in the seized cocaine shipment in an effort to elude the detection of law enforcement. The call from the Chicago cell phone is believed to be the source of the cocaine that was seized on June 9, 2009. From the number of calls which were higher than any other number in the mentioned time frame to HERNANDEZ'S cell phone, GUERRO attempted to contact HERNANDEZ regarding the intercepted cocaine shipment. Furthermore, the message left on HERNANDEZ'S voicemail corroborates the June 3 meeting in Chicago when CAMPOS-CONTRERAS and HERNANDEZ met with HERNANDEZ'S drug source, GUERRO.

15. On June 22, 2009 agents intercepted a phone call between GUERRO and HERNANDEZ. In the phone call, GUERRO and HERNANDEZ used coded language to discuss the June 9 drug seizure by law enforcement. GUERRO and HERNANDEZ used coded language to discuss the distribution of another cocaine shipment in the future.

16. On June 24, 2009 SA Dickey contacted SA Moore with information regarding GUERRO. SA Dickey indicated the driver of the gold Toyota Highlander was stopped on a traffic stop in Chicago in early may. The driver, Javier GONZALEZ-Loza was identified with Mexican documents he had in his possession. SA Dickey forwarded a photograph of GONZALEZ-Loza which was identified by agents as the person in the photograph on June 3, 2009 who met with HERNANDEZ and CAMPOS-CONTRERAS.

17. On June 18, 2009, U.S. Magistrate Judge, R. Steven Whalen signed a court order authorizing the collection of GPS coordinates of GUERRO'S Sprint-Nextel cell phone. Affiant began collecting coordinates of the cell phone's location. Affiant checked GPS coordinates at times associated with the times when a person sleeps (late hours at night between 1:00 a.m. and 5:00 a.m.). Affiant observed at the mentioned times, the GPS coordinates frequently gave the location of XXXX South Keeler Avenue, Chicago, Illinois, the registered location of the gold Toyota Highlander driven by GONZALEZ-Loza who met with HERNANDEZ and CAMPOS-CONTRERAS on June 3, 2009.

18. Agents concluded from surveillance and the intercepted phone calls, GONZALEZ-Loza is GUERRO who conspired with HERNANDEZ and CAMPOS-CONTRERAS to distribute cocaine on June 9, 2009.

19. Based on the aforementioned facts, your affiant maintains that probable cause exists to believe that Javier GONZALEZ-Loza conspired with others to knowingly and intentionally possess with intent to distribute a controlled substance, namely 10 kilograms of cocaine, in violation of Title 21, United States Code, Sections 846 and 841 (a) (1).

I declare under penalty of perjury the foregoing to be true and correct to the best of my knowledge and belief.

_____
S/A Jeffrey Moore
Drug Enforcement Administration

Sworn to and subscribed before me this
__17th__ day of July, 2009.

**MONA K. MAJZOUB**

_____
Mona K. Majzoub, U.S. Magistrate Judge